# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| JOE DANIEL HOLT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 7:07-cv-00033-LSC-JEO |
| ) | |
| JUDGE ROBERT M. BAKER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on March 5, 2007, recommending that this action, filed pursuant to 42 U.S.C. § 1983, be dismissed under 28 U.S.C. § 1915A(b) because the plaintiff is seeking relief from the defendants who are immune. The plaintiff filed objections to the report and recommendation on March 12, 2007.

The plaintiff ignores the fact that these defendants are immune to his claim and adds to his earlier argument that the judge acted outside his jurisdiction and "has caused the plaintiff to be false [sic] imprisonment [sic] . . . ." (Doc. 7).

It is well-settled that a state prisoner may challenge the "fact or duration" of his imprisonment only by way of a petition for writ of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475 (1973); *Watson v. Briscoe*, 554 F.2d 650 (5th Cir. 1977). The instant complaint cannot be construed to be a petition for writ of habeas corpus because it does not name any appropriate habeas respondent. A petition for writ of habeas corpus is properly directed to the person having custody of the petitioner, and in this case, none of the named defendants fill that role. A prisoner cannot assert such a claim

under § 1983, thereby averting the exhaustion requirements in habeas actions. *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Keenan v. Bennett*, 613 F.2d 127 (5th Cir. 1980). Before a habeas claim may be heard in federal court, a petitioner must exhaust available state remedies, *Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982), such as a direct appeal or a petition pursuant to Rule 32, ALA. R. CRIM. P.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

Done this <u>6th</u> day of <u>April 2007</u>.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153